IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY ARNOLD YOUNG,

    Petitioner,

v.                               CIVIL ACTION NO. 1:04-1282

                                    1:88-00112-01

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

    Pursuant to the court's order filed herewith, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion.

    The court has conducted a de novo review of the record. In his objections, the petitioner cites a wealth of case law for the proposition that he was sentenced in an unconstitutional fashion after he pleaded guilty to violating 28 U.S.C. § 848. (See Doc. No. 8 at 1.) Petitioner contends that his sentence was unconstitutional because certain facts used to enhance his sentence were not charged in an indictment, submitted to a jury, and proven to the jury beyond a reasonable doubt. (See id. at 1-2.) Further, petitioner contends that his Rule 35 motion is

separate and distinct from the 28 U.S.C. § 2255 motion as which magistrate judge styled petitioner's claims. (See id. at 4-5.)

The court's review of the record in this case, and applicable case law, leads to the conclusion that the magistrate correctly applied the law in this case. As such, petitioner's objections must be overruled in their entirety.

Even though petitioner styled this action a motion for resentencing under Rule 35 of the Federal Rules of Criminal Procedure, in reality, petitioner's motion sounds, for the most part, under 28 U.S.C. § 2255. (See Doc. No. 5 at 7-9.) Because petitioner has already filed several actions under 28 U.S.C. § 2255, this petition is successive, and must be dismissed as petitioner has not received proper certification for a successive petition pursuant to 28 U.S.C. § 2244. Further, the magistrate was correct in noting that as the case law petitioner relies on in his motion does not apply retroactively, insofar as petitioner's claims sound under 28 U.S.C. § 2255, they are also substantively without merit. (See Doc. No. 5 at 9) (listing cases).

All of petitioner's other arguments are similarly flawed. First, because none of the circumstances outlined in 18 U.S.C. § 3582(c) are applicable in this case, this statute provides no basis for relief. See id. Second, Petitioner's final basis for relief, under Amendment 657 of the United States Sentencing

Guidelines, is without merit because petitioner was neither sentenced under the Guidelines nor convicted of trafficking in oxycodone.

Because the petitioner's objections are entirely lacking in legal support, even under the deferential standard of review applicable to cases filed by pro se litigants, they must be dismissed. By accompanying Judgment Order, they are accordingly overruled. As all of petitioner's objections have been overruled, the court determines that the magistrate judge's decision was well-reasoned and supported by case law. By accompanying Judgment Order, the court confirms and accepts the magistrate judge's findings and his recommendation that this case be dismissed. As stated in the court's Judgment Order filed herewith, the court (1) confirms and accepts the magistrate judge's findings, (2) denies petitioner's motion for resentencing, and (3) orders the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 21st day of April, 2006.

ENTER:

David A. Faber
Chief Judge