```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. 1:88-00112-01

LARRY ARNOLD YOUNG

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant's motions seeking production of certain grand jury records and materials. (Docs. No. 335 and 342). Regarding the high bar one must satisfy in order to obtain disclosure of grand jury records, one court recently noted:

> The secrecy of grand jury proceedings is well established. See United States v. Penrod, 609 F.2d 1092, 1098 (4th Cir. 1979). This important policy is codified in Federal Rule of Criminal Procedure 6(e), which generally bars disclosure of "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). One exception to this general rule allows disclosure of grand jury materials to a criminal defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "The decision to permit disclosure [of grand jury transcripts] is within the discretion of the trial court judge who must assess whether the need for disclosure overbalances the requirements of secrecy." United States v. Bunty, 617 F.Supp.2d 359, 372 (E.D. Pa. 2008).

United States v. Ahmad, No. 1:14cv164JCC, 2014 WL 2766121, *3 (E.D. Va. June 18, 2014); see also United States v. Spaur, Criminal No. 2:09CR9, 2010 WL 3491220, *2-3 (N.D.W. Va. Sept. 2, 2010) (denying "motion to disclose matters occurring before the

grand jury" where defendant did not meet his burden of showing a "particularized need" for the materials requested). In this case, defendant has not given any reason to justify production of the materials he seeks, much less one that satisfies the relevant standard. Accordingly, his motions for disclosure are **DENIED**.

Defendant has also filed a motion for appointment of counsel. (Doc. No. 341). Federal Rule of Criminal Procedure grants a criminal defendant the right to appointed counsel "at every stage of the proceeding from initial appearance through appeal." Defendant pled guilty on March 10, 1989, and he was sentenced to a term of imprisonment of forty years. He did not appeal his sentence and the time for appeal has long since passed. Accordingly, he is not entitled to appointment of counsel and his motion for appointment of counsel is hereby **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERED** this 21st day of April, 2016.

ENTER:

David A. Faber
Senior United States District Judge